UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>GLOBAL HORIZONS, INC., d/b/a Global Horizons Manpower, Inc.; GREEN ACRE FARMS, INC.; VALLEY FRUIT ORCHARDS, LLC; and DOES 1-10 inclusive;<br><br>　　　　　Defendants. | NO.  CV-11-3045-EFS<br><br>**ORDER GRANTING AND DENYING IN PART THE EEOC'S MOTION TO DISMISS AND STRIKE** |

　　　Before the Court, without oral argument, is the EEOC's Motion to Dismiss and Strike ¶¶ 1-101, 105, 106, and 110 at Pages 8-30 from Defendants' Answer, Affirmative Defenses, and Counterclaim, ECF No. 34. EEOC asks the Court to dismiss Green Acre Farms, Inc.'s and Valley Fruit Orchards, LLC's (collectively, "Grower Defendants") Answers, ECF Nos. 12 & 13, because they 1) fail in paragraphs 105, 106, and 110 to state the elements of the affirmative defenses sufficient to give EEOC fair notice of what the affirmative defenses are and the material contained therein is immaterial, impertinent, and scandalous, and 2) because the facts contained in paragraphs 1-101 fail to support the asserted affirmative defenses and the facts are immaterial, impertinent, and scandalous. In their response, the Grower Defendants clarify that 1) their only counterclaim is for fees and costs under 42 U.S.C. § 2000e-5(k), and 2) the legal contentions raised in paragraphs 105, 106, 108, and 110 are not

ORDER * 1

affirmative defenses but rather failure-of-proof defenses because it is the EEOC that has the burden of proving that it met its statutory conciliation obligations. The Grower Defendants clarify they are not asserting counterclaims for defamation or abuse of process.

The Court finds the facts contained in paragraphs 1-101 are material and pertinent to the Grower Defendants' defenses, affirmative defenses, and counterclaim and they are not unnecessarily scandalous. However, the Grower Defendants are to amend their Answers to clearly identify what paragraphs assert defenses, affirmative defenses, and the counterclaim. This can be achieved by reorganizing and re-titling portions of the Answers. For instance, the "Affirmative Defenses" heading on page 8 to paragraphs 1-101 can be reworded as, "Facts to Support Defenses, Affirmative Defenses, and Counterclaim." The defenses, affirmative defenses, and counterclaim should be identified by appropriate separate headings.

Accordingly, **IT IS HEREBY ORDERED**: The EEOC's Motion to Dismiss and Strike ¶¶ 1-101, 105, 106, and 110 at Pages 8-30 from Defendants' Answer, Affirmative Defenses, and Counterclaim, **ECF No. 34**, is **GRANTED IN PART** (identify what paragraphs are defenses, affirmative defenses, and the counterclaim) **and DENIED IN PART** (factual recitation may remain).

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and provide copies to all counsel.

**DATED** this ___7th___ day of February 2012.

                              S/ Edward F. Shea
                              EDWARD F. SHEA
                    United States District Judge

Q:\Civil\2011\3045.amend.dism.strike.lc1.wpd

ORDER * 2