UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

                    Plaintiff,

            v.

GLOBAL HORIZONS, INC., d/b/a
Global Horizons Manpower, Inc.;
GREEN ACRE FARMS, INC.; VALLEY
FRUIT ORCHARDS, LLC; and DOES
1-10 inclusive,

                    Defendants.

NO.  CV-11-3045-EFS

**ORDER RULING ON THE PARTIES'
DISCOVERY-RELATED MOTIONS,
SETTING AN EXPEDITED HEARING,
AND CAUTIONING COUNSEL**

     A  telephonic  hearing  occurred  in  the  above-captioned  matter  on
November  20,  2012.   Plaintiff  Equal  Employment  Opportunity  Commission
(EEOC)  was  represented  by  Lorena  Garcia-Bautista  and  Elizabeth  Esparza-
Cervantes.   Beth  Joffe  appeared  on  behalf  of  Defendant  Green  Acre  Farms,
Inc.  ("Green  Acre")  and  Valley  Fruit  Orchards,  LLC  ("Valley  Fruit")
(collectively,  "Grower  Defendants").   Before  the  Court  was  the  Grower
Defendants'  Motion  to  Compel  Rule  26(a)(1)  Disclosures,  ECF  No.  201,  and
the  EEOC's  Motion  for  Protective  Order  Re:  Immigration  Status,
Information  Related  to  Immigration  Status,  and  Identities  of  Class
Members,  ECF  No.  217.   After  reviewing  the  record  and  relevant  authority
and  hearing  from  counsel,  the  Court  was  fully  informed.   This  Order
supplements  and  memorializes  the  Court's  oral  rulings.   Following  the

ORDER * 1

hearing, the Court received a fax from the Grower Defendants' counsel on November 26, 2012; this Order addresses that faxed document as well.

**A.   Background**

Each of the Grower Defendants entered into separate contracts with Global Horizons, Inc. ("Global") for Global to provide H-2A guest workers to the Grower Defendants' orchards.   Consistent with the contracts, Global provided Thai individuals with H-2A guest worker visas to the Grower Defendants' orchards to work in 2004 and 2005.

The Thai workers contend that Global and the Grower Defendants subjected them to discriminatory and intolerable working conditions.   On April 18, 2006, the Thai workers ("Claimants") filed identical charges of discrimination with the EEOC against these entities.   On August 26, 2010, the EEOC issued Letters of Determination as to the 1) 73 charges of discrimination filed against Green Acre Farms and 2) 29 charges of discrimination filed against Valley Fruit.   These Letters of Determination named the Claimants and were sent to the Grower Defendants.

In 2011, the Claimants filed this class lawsuit against Global and the Grower Defendants, naming Marut Kongpia and Laphit Khadthan as class representatives.   ECF No. 1.   On February 1, 2012, a Scheduling Order was entered, setting an initial disclosure deadline of March 8, 2012.   ECF No. 54.   On March 1, 2012, an Order was entered staying discovery based on a federal criminal prosecution brought against the owner and certain employees of Global in the District of Hawaii, *United States v. Orian, et al.*, No. 10-CR-00576-SOM (D. Haw.); however, the civil stay did not extend to motions practice or initial disclosures under Federal Rule of Civil Procedure 26(a)(1)(A).

On March 7, 2012, the EEOC served its initial disclosures, which were signed by EEOC counsel Ms. Esparza-Cervantes. ECF No. 202-1. The initial disclosures identified the Claimants by first and last initials and indicated at which farm(s) the Claimant worked; the EEOC mentioned that it would disclose the Claimants' names subject to a protective order.

On March 20, 2012, the EEOC filed its First Amended Complaint, asserting the following Title VII claims under 42 U.S.C. §§ 2000e-5 and 2000e-6: 1) Defendants engaged in a pattern or practice of discriminatory treatment toward the Claimants because of their national origin or race, 2) Defendants subjected the Claimants to a hostile work environment because of their race or national origin, thereby constructively discharging the Claimants, 3) Defendants discriminated against the Claimants because of their race or national origin, and 4) Defendants retaliated against the Claimants for complaining about the subjected-to discrimination and hostile work environment. ECF No. 141. On April 6, 2012, the Grower Defendants filed motions to dismiss the First Amended Complaint for failure to state a claim, ECF Nos. 150 & 154. On July 27, 2012, the Court granted in part and denied in part the Grower Defendants' motions to dismiss: 1) dismissing the disparate treatment claim and related pattern and practice claim against all Grower Defendants, 2) dismissing the retaliation claim and related pattern and practice claim against Valley Fruit, 3) dismissing the claims against the Grower Defendants based on non-orchard-related matters, 4) dismissing the claims exceeding the 300-day statute of limitations, 5) permitting the hostile work environment and constructive discharge claims and related pattern

and practice claims against the Grower Defendants as to orchard-related matters, and 6) permitting the retaliation claim and related pattern and practice claim against Green Acre as to orchard-related matters. ECF No. 178.  On August 1, 2012, the Court lifted the civil-discovery stay because the criminal proceeding in the District of Hawaii was dismissed. ECF No. 184.

On October 4, 2012, Ms. Esparza-Cervantes emailed defense counsel about entering into a stipulated protective order regarding the Claimants' names and immigration status; a telephone conference was set for October 9, 2012.  ECF No. 219-1.  On October 5, 2012, the Grower Defendants produced 3,000 pages of discovery in response to the EEOC's First Requests for Production of Documents, including Global invoice records, which list the Thai workers' names and hours worked at the Grower Defendants' orchards for that billing period.

During the October 9, 2012 telephonic conference, Ms. Esparza-Cervantes and Derek Li participated for the EEOC, and Beth Joffe and Brendan Monahan participated for the Grower Defendants.  On October 10, 2012, Ms. Joffe wrote a five-page letter to memorialize the October 9, 2012 telephone conference.  ECF No. 231-3.  The letter discussed the Grower Defendants' understanding as to the parties' respective positions regarding damage disclosures and the discovery of the Claimants' names and immigration status.  *Id*.  Ms. Joffe's letter concluded, "If we do not hear from you [by Monday, October 15, 2012], I think it is fair to say that attempts to confer have been exhausted and we will file a motion accordingly."  *Id*.

///

ORDER * 4

On October 12, 2012, Ms. Esparza-Cervantes sent two emails to defense counsel. In her first email, Ms. Esparza-Cervantes emailed Mr. Monahan, thanking him for his letter[1] regarding the October 9, 2012 meet-and-confer and indicating that she would respond to the letter by the end of the following week. ECF No. 219-4. In her second email, Ms. Esparza-Cervantes emailed both Mr. Monahan and Ms. Joffe to inquire whether they would be amenable to a December hearing date on the EEOC's anticipated motion for a protective order. ECF No. 219-5. It is unclear whether defense counsel received or read these emails; however, it is clear that defense counsel did not respond to either email.

At 1:54 p.m. on October 22, 2012, the Grower Defendants filed their motion to compel. ECF No. 201. Later that day at 2:47 p.m., unaware that the Grower Defendants had filed their motion, Ms. Esparza-Cervantes emailed Ms. Joffe and Mr. Monahan stating that she "obtained all information I needed to respond to your letter following up on our October 9, 2012 conference call regarding the EEOC's need to protect immigration status and claimant identity information," and she would follow-up with a proposed protective order on the issues she believed were resolved. ECF No. 219-2. Attached to the email was an October 22, 2012-dated letter, wherein she states, "It is clear from our discussions that we have reached an impasse as to the EEOC's efforts to protect the Claimants' immigration status from disclosure but we have resolved a way

---

[1] It is unknown why Ms. Esparza-Cervantes sent this email to Mr. Monahan rather than to Ms. Joffe, the author of the October 10, 2012 letter.

to protect the Claimants' identity from protection [sic]." *Id*.  Ms. Esparza-Cervantes also indicates in this letter that as of October 9, 2012, she is "new to the case" and that she set up the telephone conference to discuss a protection order and, therefore, she was not prepared to discuss the EEOC's initial damage disclosures during the October 9, 2012 telephone conference.

Later that same day at 4:39 p.m., Ms. Esparza-Cervantes emailed defense counsel again.  Although expressing her surprise at the Grower Defendants' filed motion to compel, Ms. Esparza-Cervantes attached to the email a draft stipulated protective order, which protected the Claimants' names from public disclosure and prohibited discovery into the Claimants' immigration-status information.  Shortly after Ms. Esparza-Cervantes sent this second email on October 22, 2012, she called Ms. Joffe.  Ms. Joffe indicated she was not prepared to discuss either of Ms. Esparza-Cervantes' emails sent that day because she had not read them but she would call Ms. Esparza-Cervantes to discuss them later.

Rather than return Ms. Esparza-Cervantes' call, Ms. Joffe wrote a four-page letter to Ms. Esparza-Cervantes the next day.  ECF No. 219-7. In this letter, Ms. Joffe questioned Ms. Esparza-Cervantes' claim that she is new to the case given her signature on the March 7, 2012 initial disclosures.  Ms. Joffe advised that the Grower Defendants would not agree to the draft protective order.

Counsel proceeded to communicate with each other by email; these communications were largely unproductive.

On October 30, 2012, the EEOC filed its motion for protective order. ECF No. 217.  Both the EEOC's motion and the Grower Defendants' motion were set for hearing on November 20, 2012, and briefing was expedited.

ECF No. 221.   On November 14, 2012, the Grower Defendants filed Objections and Request to Strike Improper Evidence and Argument Submitted in Support of EEOC's Reply in Support of Motion for Protective Order. ECF No. 236.   On November 16, 2012, the EEOC filed two documents in response to the Grower Defendants' supplemental filing.   ECF Nos. 240 & 241.   On November 19, 2012, the Court barred the parties from further supplementing the pending motions.   ECF No. 243.

**B.   Supplemental Filings**

Because neither party filed a motion seeking leave to supplement the fully-briefed motions, the Court strikes 1) the Grower Defendants' Objections and Request to Strike Improper Evidence and Argument Submitted in Support of EEOC's Reply in Support of Motion for Protective Order, ECF No. 236, 2) the EEOC's Opposition to Defendants' Motion to Strike Evidence and Objections Re: Evidence Supporting EEOC's Reply Re: EEOC's Motion for Protective Order, ECF No. 240, and 3) Ms. Esparza-Cervantes' Declaration in Support of Opposition to Defendants' Improperly Filed Motion to Strike Evidence and Objections Re: Evidence Supporting EEOC's Reply Re: EEOC's Motion for Protective Order, ECF No. 241.   If a party determines it has a need to exceed Local Rule 7.1's motion-response-reply limitation, that party must file a properly-noted motion seeking leave to file supplementary filings.

**C.   Grower Defendants' Motion to Compel Rule 26(a)(1) Disclosures**

The Grower Defendants' motion to compel requests an Order requiring the EEOC to 1) disclose the Claimants' full names, and 2) supplement its initial damage disclosures.   The EEOC opposes the motion in part and contends that the Grower Defendants failed to sufficiently meet and confer prior to filing their motion.

ORDER * 7

1.   Damage Disclosures

After the Grower Defendants filed their motion to compel, the EEOC supplemented its damage disclosures.  At the hearing, counsel for the EEOC confirmed that the requested emotional distress damages are restricted to the emotional distress allegedly suffered by the Claimants in 2004 and 2005 while working at the Grower Defendants' orchards. Relying on counsel's confirmation, the Grower Defendants withdrew their motion to compel in regard to damage disclosures.  Accordingly, the Grower Defendants' motion is denied as moot in this regard.

2.   Meet and Confer

The EEOC contends the Grower Defendants failed to satisfy Local Rule 37.1(b)'s meet-and-confer requirement before filing the motion to compel. Local Rule 37.1(b) states that a motion to compel "will not be heard unless the parties have conferred and attempted to resolve their differences."  LR 37.1(b).

The Court finds under the circumstances that the Grower Defendants sufficiently conferred with the EEOC regarding the disclosure of the Claimants' names before filing the motion to compel.  Given the EEOC's statements at the October 9, 2012 conference, it was clear to the Grower Defendants' counsel that the EEOC would not agree to publicly disclose the Claimants' names.  The Grower Defendants waited a sufficient amount of time since the March 8, 2012 initial-disclosure deadline for the EEOC to disclose the Claimants' names.  Not receiving this information by October 22, 2012 (8 business days after the October 9, 2012 conference), the Grower Defendants appropriately filed the motion to compel disclosure of the Claimants' identities.

3.  <u>Claimants' Names</u>

The Grower Defendants ask the Court to require the EEOC to disclose the full names for all of the Claimants and to allow the Claimants' names to be listed in public filings.  The EEOC opposes this request and seeks permission to only disclose the Claimants' names to defense counsel, contending that public disclosure of the Claimants' names will result in retaliation and harm to the Claimants.[2]

Federal Rule of Civil Procedure 26(a)(1) requires each party to disclose "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(A)(i).  Yet, the Court may enter a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P. 26(c)(1).

The parties agree the Claimants possess discoverable information. Yet, the EEOC argues that the Claimants' names should not be made public because the Claimants fear they will be deported and/or they or their families will be physically or financially harmed.

Under the present record, the Court finds the EEOC failed to present any evidence to support the claimed fear that the Claimants are at greater risk of deportation and/or physical or financial harm if their names are disclosed to defense counsel without restriction.  No Claimant

_____

[2]  The EEOC's motion for protective order seeks, in part, to limit the disclose of the Claimants' names to defense counsel and to prohibit any use of the Claimants' names in public filings.

ORDER * 9

provided a declaration to support the fears and harms alleged in the First Amended Complaint. And no evidence was filed to establish that the Grower Defendants or Global retaliated against the named Claimants, Marut Kongpia and Laphit Khadthan, since they filed claims of discrimination with the EEOC in 2006 or this lawsuit in April 2011. *C.f. Does I thru XXII v. Advanced Textile Corp.*, 214 F.3d 1058 (9th Cir. 2000) (allowing plaintiffs to proceed under pseudonyms because several plaintiffs testified that they feared the Chinese government would arrest them or their families if they complained of the present working conditions). In addition, there is no evidence that any of the Claimants returned to Thailand and are at risk of retaliation by Global-affiliated individuals residing therein.

Simply stated, EEOC has presented no evidence that the Claimants, who have not worked for Global since 2005, are at greater risk of being deported or suffering physical or financial harm by having their names publicly used in connection with this lawsuit. Therefore, the Court grants the Grower Defendants' motion to compel and requires the EEOC to disclose the Claimants' names: this disclosure is not subject to any confidentiality limitations.

4. <u>Fees and Costs</u>

The Grower Defendants ask the Court for an award of attorneys fees and costs for the EEOC's failure to comply with Rule 26(a). The Court declines to award the Grower Defendants' attorneys fees and costs at this time. Each party bears their own attorneys' fees and costs incurred in regard to the motions heard at the November 20, 2012 hearing.

///

**D.   EEOC's Motion for Protective Order Re: Immigration Status, Information Related to Immigration Status, and Identities of Class Members**

As discussed above, the EEOC seeks a protective order to allow only limited disclosure of the Claimants' names to defense counsel; this aspect of the EEOC's motion is denied for the reasons set forth above.

The EEOC also seeks a protective order prohibiting the Grower Defendants' discovery of the Claimants' "immigration-status information," which the EEOC defines as: the Claimants' immigration status after they worked for Defendants, employment experience after they worked for Defendants, marital status, educational background, date of birth, prior criminal convictions, business or social relationships with any potential non-Claimant witness or current or former employee of Defendants, prior legal experience, information on their post-Global employment applications, use of other names, and duration of residence in the United States.  ECF No. 217-1.  At the hearing, the Grower Defendants clarified their position regarding immigration-status information:  1) they do not seek to discover the Claimants' date of birth, educational background, criminal history, or prior legal experience, but 2) they seek to discover, subject to a confidentiality order, the Claimants' marital status, business or social relationships with any potential non-Claimant witness or current or former employee of Defendants, use of other names while employed at the Grower Defendants, and H-2A visa application.

As to the undisputed matters, the Court grants the EEOC's motion in this regard.  As to the disputed matters, the Court finds the Grower Defendants may discover the Claimants' marital status, use of other names while working at the Grower Defendants' orchards, and business or social

ORDER * 11

relationships with any potential non-Claimant witness or current or former employee of Defendants.  The Claimants' marital status is relevant to claimed damages, and the Claimants' use of other names and business and social relationships are relevant to credibility.  As agreed to by the Grower Defendants, these disclosures are subject to a confidentiality order.

At this time, the Court declines to require the Claimants to disclose whether they applied for a T visa and/or their T-visa status. As recognized by a number of other courts, a litigant's immigration status is typically undiscoverable simply for the purpose of challenging the litigant's credibility. *See Barrera v. Boughton*, No. 3:07cv1436(RNC), 2010 WL 124094 (D. Conn. Mar. 19, 2010) (protecting the plaintiff's immigration status or alienage in a civil rights action); *David v. Signal Int'l, LLC*, 257 F.R.D. 114 (E.D. La. 2009) (preventing defendant's discovery of the guest-worker plaintiffs' immigration status because there was sworn testimony supporting the plaintiffs' allegations that they were subject to intolerable working conditions); *Sandoval v. Rizzuti Farms, Ltd.*, No. CV-07-3076-EFS, 2009 WL 2058145 (E.D. Wash. July 15, 2009) (barring discovery of the litigant's immigration status because it was irrelevant to the federal and state law claims); *Montoya v. S.C.C.P. Painting Contractors, Inc.*, 530 F. Supp. 2d 746 (D. Md. 2008) (denying defendant's request to discover the plaintiff's immigration status to help support defendant's opposition to the motion for class certification in a Fair Labor Standards Act case); *Galviz-Zamora v. Brady Farms, Inc.*, 230 F.R.D. 499, 502 (W.D. Mich. 2005) (protecting the plaintiffs' immigration status from discovery because the prejudice that plaintiffs would suffer outweighed the information's minimal credibility value).

ORDER * 12

*But see Catalan v. Vermillion Ranch Ltd. P'ship*, No. 06-cv-01043-WYD-MJW
(D. Col. Mar. 28, 2007) (allowing discovery, subject to a protective
order, into plaintiffs' immigration status and employment history after
leaving the defendants' employment because the plaintiffs came to the
United States under an H-2A visa and therefore were only permitted to
stay in the United States while working for the defendant).

At this time, the Court determines that structuring discovery as to
each Claimant is best to minimize any unnecessary prejudice that could
be experienced by the Claimants if their T-visa status is disclosed to
the Grower Defendants. Accordingly, the Grower Defendants are to first
discover from those Claimants set to be deposed this December the alleged
bases for their hostile-work-environment and constructive-discharge
claims and related pattern-and-practice claims against the Grower
Defendants as to orchard-related matters, as well as the alleged bases
for their retaliation claim and related pattern-and-practice claim
against Green Acre as to orchard-related matters. The Grower Defendants
may also discover what information these deponents listed on their H-2A
guest worker application regarding their work skills and qualifications
and what work they are doing now. If after obtaining this information
from these deponents, the Grower Defendants contend there is a need to
compare or contrast the information received from that Claimant regarding
their treatment by the Grower Defendants with that contained in the
Claimants' T-visa application, the Grower Defendants may file a motion
seeking such T-visa information for those identified Claimants together
with discovery supporting the motion.

In summary, the EEOC's motion for protective order is granted in
part and denied in part.

ORDER * 13

**E.    November 26, 2012 Fax**

On the afternoon of November 26, 2012, the Court received a fax from the Grower Defendants, requesting that the Court hold a telephonic hearing to address the EEOC's November 20, 2012 Responses and/or Objections to the Grower Defendants' Interrogatories and Requests for Production of Documents.  The Court agrees that an expedited hearing is necessary on this matter; however, the Court requires counsel to attend the discovery hearing on this matter in person.  An in-person hearing is necessary to address the discovery responses point by point and to ensure that discovery proceeds in an orderly manner.  The Court recognizes that the Grower Defendants desire a prompt hearing; however, given that the hearing must occur in person and the Court's trial calendar, the Court sets the hearing on December 12, 2012.  In order to place this matter on the record, the Grower Defendants are to file the substance of the faxed document as a motion and set it for hearing on December 12, 2012, at 2:00 p.m. in Richland.

The Court cautions counsel that all future discovery hearings will be held in person in Richland.  The Court will also award reasonably-incurred attorney fees and costs to the prevailing party upon request.

**F.    Conclusion**

For the above-given reasons, **IT IS HEREBY ORDERED:**

1.    Grower Defendants' Motion to Compel Rule 26(a)(1) Disclosures, **ECF No. 201**, is **DENIED AS MOOT IN PART** (damages disclosures), **GRANTED IN PART** (unrestricted disclosure of Claimants' names)**, AND DENIED IN PART** (attorney fees and costs).

2.    The EEOC's Motion for Protective Order Re: Immigration Status, Information Related to Immigration Status, and Identities of

ORDER * 14

Class Members, **ECF No. 217**, is **DENIED IN PART** (Claimants' marital status, H-2A guest worker applications, social relationships and/or living arrangements with any current or prior Defendants' employees, use of other names when employed at the Grower Defendants) **AND GRANTED IN PART** (remainder).

3.  The Grower Defendants are to file the substance of their fax as a motion and may note it for hearing on December 12, 2012, at 2:00 p.m. in RICHLAND.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide a copy to all counsel.

**DATED** this ___28th___ day of November 2012.

                    _____S/ Edward F. Shea_____
                            EDWARD F. SHEA
                    Senior United States District Judge

Q:\EFS\Civil\2011\3045.protect.compel.lc1.wpd

ORDER * 15