1

2

3

4

5                       UNITED STATES DISTRICT COURT
6                       EASTERN DISTRICT OF WASHINGTON
7
EQUAL EMPLOYMENT OPPORTUNITY                No.: CV-11-3045-EFS
8 COMMISSION,
                            Plaintiff,      **ORDER GRANTING THE GROWER
9                                           DEFENDANTS' JOINT MOTION FOR
                v.                          SUMMARY JUDGMENT AS TO UNTIMELY
10                                          CLAIMS**
GLOBAL HORIZONS, INC., d/b/a
11 Global Horizons Manpower, Inc.;
GREEN ACRE FARMS, INC.; VALLEY
12 FRUIT ORCHARDS, LLC; and DOES 1-10
inclusive,
13                          Defendants.
14

15

16      Before  the  Court,  without  oral  argument,  is  Defendants  Green

17 Acre  Farms,  Inc.  and  Valley  Fruit  Orchards,  LLC's  (collectively,

18 "Grower Defendants")  Joint Motion for  Summary Judgment  as to  Untimely

19 Claims,  ECF No. 328.   The Grower  Defendants ask  the Court  to prohibit

20 the  EEOC  from  1)  seeking  monetary  or  injunctive  relief  on  behalf  of

21 any  individual who  cannot demonstrate  he worked  within the  relevant

22 300-day  period  at  a  Grower  Defendant  orchard,  and  2)  refining  the

23 class of  Claimants.   The EEOC  clarifies that  it is  not seeking  relief

24 on behalf  of any  Thai individual  who did  not work  at Green  Acre Farms

25 after  June  22,  2005,  or  Valley  Fruit  Orchards  after  June  28,  2005;

26 however,  the  EEOC  asks  the  Court  not  to  set  a  deadline  by  which  it

27 must  identify  the  Claimants  because  the  EEOC  may  revise  the  class  of

28

ORDER - 1

Claimants after reviewing still-to-be-received discovery from Defendant Global Horizons, which answered, ECF No. 294, on January 31, 2013. After reviewing the record and relevant authority, the Court is fully informed. For the reasons set forth below, the Court grants the motion.[1]

Consistent with the Court's July 27, 2012 Order, ECF No. 178, the 300-day statute of limitations set forth in 42 U.S.C. § 2000e-5(e)(1) applies to actions brought by the EEOC. Accordingly, the EEOC may not seek monetary or injunctive relief on behalf of a Thai individual who did not have an incident or injury at the Grower Defendants' orchards within the 300-day statute-of-limitations period relevant to the particular orchard at which that individual worked. *See EEOC v. Harvey L. Walner & Assoc.*, 91 F.3d 963, 967 (7th Cir. 1996) (rejecting the EEOC's argument that "it may seek injunctive relief even though it is precluded from asserting compensatory or other relief for the individual claims arising from the unlawful conduct" because it "flies in the face of the plain language of § 2000e-5").

The Court recognizes the EEOC serves an important role in protecting aggrieved employees and deterring future unlawful discrimination. *See EEOC v. Occidental Life Ins. Co. of Calif.*, 535 F.2d 533, 539 (9th Cir. 1976). Notwithstanding the important public-

---

[1] The parties sufficiently summarized and documented the relevant discussions between counsel; therefore, the Court need not repeat those here.

ORDER - 2

service that the EEOC provides, the EEOC must still abide by the time limits set forth in § 2000e-5(e)(1).  Accordingly, the EEOC may not seek relief on behalf of an individual who did not work at a Grower Defendant orchard during the relevant 300-day period.  In its response, the EEOC acknowledges this limitation applies not only to monetary relief but also injunctive relief, stating, "To the extent that Defendants misunderstood EEOC and think that EEOC is seeking Claimant specific injunctive relief for untimely Claimants, EEOC is not."[2]  ECF No. 336 at 3.

The Grower Defendants have the right to know the Claimants' names so they can engage in discovery and prepare a defense against the claims brought by the EEOC on behalf of the Claimants.  *See* Fed. R. Civ. P. 26(b)(1).  Accordingly, the Court orders the EEOC to notify all Defendants as to the identity of the Claimants by **August 2, 2013**.  This is a reasonable deadline because 1) the EEOC has been aware of

---

[2]  The EEOC clarifies its position on this matter by referring to individuals who fail to satisfy the 300-day requirement as "untimely victims" rather than as "untimely Claimants."  If necessary and upon appropriate motion, the Court will determine at a later time whether evidence pertaining to the untimely victims is relevant to support the EEOC's claims.  *See, e.g., Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 388 (2008) ("The question whether evidence of discrimination by other supervisors is relevant . . . depends on many factors, including how closely related the evidence is to the plaintiff's circumstances and theory of the case.").

ORDER - 3

the potential claims since the named Claimants filed Charges of Discrimination in April 2006; 2) the EEOC contends it investigated the Charges and issued Findings of Discrimination; 3) the EEOC filed this lawsuit in April 2011; 4) the EEOC has conducted discovery, including reviewing the Global invoices provided by the Grower Defendants in the fall of 2012; and 5) Global began participating in this lawsuit in January 2013.  Given the length of time the EEOC has had to ascertain the individuals who worked at each orchard and the time frames they so worked, the Court finds an August 2, 2013 deadline is reasonable. This deadline provides the EEOC with more than fifty additional days to identify the Claimants.  Defendants then have approximately eight months to engage in discovery pertaining to the Claimants.

For the above-given reasons, **IT IS HEREBY ORDERED**:  The Grower Defendants' Joint Motion for Summary Judgment as to Untimely Claims, **ECF No. 328**, is **GRANTED**.

**IT IS SO ORDERED.**  The Clerk's Office is directed to enter this Order and provide copies to counsel.

**DATED** this 12th day of June 2013.


s/ Edward F. Shea
_____
EDWARD F. SHEA
Senior United States District Judge


Q:\EFS\Civil\2011\3045.untimely.victims.lc1.docx

ORDER - 4