UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>             Plaintiff,<br><br>     v.<br><br>GLOBAL HORIZONS, INC., d/b/a Global Horizons Manpower, Inc.; GREEN ACRE FARMS, INC.; VALLEY FRUIT ORCHARDS, LLC; and DOES 1-10 inclusive,<br><br>             Defendants. | No.: CV-11-3045-EFS<br><br>**ORDER RULING ON THE EEOC'S MOTIONS TO COMPEL DISCOVERY RESPONSES FROM THE GROWER DEFENDANTS** |

     A hearing occurred in the above-captioned matter on December 19, 2013, in Richland. Plaintiff Equal Employment Opportunity Commission (EEOC) was represented by Derek Li. Beth Joffe appeared on behalf of Defendants Green Acre Farms, Inc. and Valley Fruit Orchards, LLC (collectively, "Grower Defendants"). Before the Court were the EEOC's Motion to Compel Defendant Green Acre to Respond to EEOC's First Requests for Production of Documents and Interrogatories, ECF No. 442, and Motion to Compel Defendant Valley Fruit to Respond to EEOC's First Requests for Production of Documents and Interrogatories, ECF No. 443. After reviewing the record and relevant authority and hearing from counsel, the Court is fully informed. This Order supplements and

**ORDER** - 1

memorializes the Court's oral rulings, which are guided by the following discovery and Title VII principles.

The EEOC may engage in discovery to seek nonprivileged information that is relevant to any claim or defense of any party. Fed. R. Civ. P. 26(b)(1). Discoverable information need not be admissible but must "appear[] reasonably calculated to lead to the discovery of admissible evidence." *Id.* The Grower Defendants, as the party responding to the instant discovery, may seek protection from discovery requests due to "annoyance, embarrassment, oppression, or undue burden or expense." *Id.* at 26(c)(1).

The EEOC maintains that its written discovery requests reasonably seek information relevant to its Title VII, 42 U.S.C. 2000e-2, claims brought on behalf of individuals from Thailand who worked at the Grower Defendants' orchards in 2004 and 2005 pursuant to H-2A guest-worker visas, and the Defendants' defenses thereto. Title VII dictates that it "shall be an unlawful employment practice for an employer . . . to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1); *see Faragher v. City of Boca Raton* (analyzing hostile work environment).

In connection with the Grower Defendants' prior motions to dismiss, the Court found the First Amended Complaint, ECF No. 141,

**ORDER** - 2

plausibly alleges that the Grower Defendants employed[1] the Claimants in regard to "orchard-related matters."  ECF No. 178 at 7. Specifically, the Court found the First Amended Complaint alleges hostile-work-environment and constructive-discharge claims (and related pattern-and-practice claims) against the Grower Defendants based on the following orchard-related employment actions on account of the Thai Claimants' race and national origin:

- the Claimants were disciplined and yelled at if their work was not properly done, ECF No. 141 ¶¶ 127 (Green Acre) & 233 (Valley Fruit);
- the Claimants were subject to deplorable working conditions, *id*. ¶¶ 131 (Green Acre) & 189 (Valley Fruit);
- the Claimants had to work four hours without a break, *id*. ¶ 148 (Green Acre);
- the Claimants had to do more difficult work than the workers of Mexican descent, *id*. ¶¶ 150 (Green Acre) & 214-16 (Valley Fruit);
- the working conditions became so intolerable that the Claimants felt compelled to escape, *id*. ¶¶ 162 (Green Acre) & 228 (Valley Fruit);
- the Claimants were harassed and threatened to meet quotas, *id*. ¶¶ 163-67 (Green Acre) & 229-32 (Valley Fruit);
- the Claimants were told that their work was not good enough, *id*. ¶ 185 (Green Acre); and
- the Claimants were required to continue working in 100 degree weather, *id*. ¶ 218 (Valley Fruit).

ECF No. 178 at 11.  The Court also found the First Amended Complaint's orchard-related factual allegations plausibly state a claim of

---

[1] As required by Title VII's express terms, an employment relationship must exist in order for these protections to apply. *Lutcher v. Musicians Union Local 47*, 633 F.2d 880, 883 (9th Cir. 1980).  Here, the Grower Defendants dispute that they employed the Thai Claimants, maintaining that Defendant Global Horizons solely employed the Thai Claimants.

**ORDER** - 3

retaliation (and related pattern and practice claim) against Green Acre. *Id*. at 12.

In August 2012, shortly after the Court's ruling on the motions to dismiss, the EEOC served the Grower Defendants with the written discovery requests that are now at issue. ECF Nos. 444-1, -2, -3, & -4. As a general principle, the EEOC's discovery requests are grossly overbroad: seeking information and documents from an eleven-year period and requesting many different types of documents and information through a single discovery request. During the process of preparing its motion and reply, the EEOC modified the temporal span for many of its discovery requests to 2003-2006. This is a more reasonable time period for most requests. To eliminate overbroad and oppressive discovery requests, the Court encourages the EEOC to ask specific questions when drafting written discovery requests. By tailoring discovery to pertinent time periods and limiting the scope of a written discovery request to documents and/or information that are reasonably likely to lead to the discovery of admissible information, the parties (and the Court) will expend less time and resources on discovery matters.

In addition to the Grower Defendants' challenge to the excessive scope of the EEOC's discovery requests, the Grower Defendants challenge the discovery requests that pertain to the Grower Defendants' knowledge and conduct as to non-orchard-related incidents and alleged wrongdoings by Global. The EEOC maintains that these discovery requests are relevant to its legal argument that the Grower Defendants are jointly liable for Defendant Global Horizons, Inc.'s

**ORDER** - 4

("Global") wrongdoings. The EEOC's legal argument is based on language contained in *EEOC v. Global Horizons*, 860 F. Supp. 2d 1172 (D. Haw. 2012), wherein the Hawaii District Court determined that the EEOC's complaint in that lawsuit alleged sufficient facts to plausibly suggest the existence of a joint-employment relationship between Global and the other defendants. The EEOC relies in part on the Hawaii District Court's statement, "whether these [d]efendants are liable for the alleged Title VII violations will depend on what they knew, or should have known, and how they acted." *Id.* at 1184. This statement must be read in the context of the preceding citation parentheticals. The cited and quoted cases all recognize that in order for an entity to be held liable under Title VII that entity must 1) be an "employer" of the plaintiff and 2a) have discriminated against the plaintiff by its own conduct, or 2b) knew or should have known of a joint employer's discriminatory conduct against the plaintiff *in a matter within the entity's control,* and the entity failed to take measures within its control to correct the joint employer's discriminatory conduct. *See Lima v. Addeco*, 634 F. Supp. 2d 394, 400 (S.D.N.Y. 2009) ("[O]ther courts have found that even when a plaintiff establishes an entity's status as part of a joint employer, the plaintiff must still show 'that the joint employer knew or should have known of the [discriminatory] conduct and failed to take corrective measures within its control.'" (quoting *Watson v. Adecco Empl. Servs., Inc.*, 252 F. Supp. 2d 1347, 1356-57 (M.D. Fla. 2003)); *see also Velez v. Roche*, 335 F. Supp. 2d 1022 (N.D. Cal. 2004) (recognizing that an indirect employer is only liable if it has the

**ORDER** - 5

power to take corrective measures to stop the direct employer's discriminatory practice and fails to do so).

With these legal standards in mind, the Court sets forth its ruling as to each discovery request.[2] The written discovery requests submitted to Green Acre and Valley Fruit are the same for all intents and purposes; and the Grower Defendants' responses to the written discovery are largely the same. Accordingly, the Court's rulings apply to each of the EEOC's motions.

**A.  REQUESTS FOR PRODUCTION (RFP)**

| RFP No. and Description | RFP language | Court Ruling |
|---|---|---|
| RFP 1 (List of Workers and Contact Info.) | IDENTIFY and produce all DOCUMENTS identifying and/or reflecting an employee list containing the name, the national origin and/or race, the last known home address(es), telephone number(s), positions(s) held, and the start date and end date of each employee, each H-2A worker, and each independent contractor, who has worked and/or has been working at, for, or through GREEN ACRE [VALLEY FRUIT] from January 1, 2003 to [December 31, 2006]. Please provide the foregoing in an electronic format. | DENIED AS MOOT. The Grower Defendants' disclosures for 2004 and 2005 for individuals who did the same jobs as the Thai Claimants are sufficient. Requiring additional information will be unduly prejudicial and is not likely to lead to the discovery of admissible information. When disclosing Social Security numbers, the Grower Defendants may disclose this information in the same fashion as the EEOC does. |
| RFP No. 2 (Doc. of Workers' | IDENTIFY and produce all DOCUMENTS identifying and/or reflecting the number of hours worked, including | DENIED AS MOOT The Grower |

---

[2] The discovery-request language reflects any modifications by the EEOC.

**ORDER** - 6

| | | | |
|---|---|---|---|
| Wages/Hours) | but not limited to the number of hours worked per day and/or per week, and the wages paid to each GREEN ACRE'S [VALLEY FRUIT's] employee, each H-2A worker, and each independent contractor, who has worked at, for, or through GREEN ACRE [VALLEY FRUIT], from January 1, 2003 to [December 31, 2006]. | Defendants' disclosures for 2004 and 2005 for individuals who did the same jobs as the Thai Claimants are sufficient.<br><br>Requiring additional information will be unduly prejudicial and is not likely to lead to the discovery of admissible information. |
| RFP No. 4 (Docs. of Business/Fin. Relationship between Defendants and Global) | IDENTIFY and produce all DOCUMENTS which set forth, evidence or pertain to GREEN ACRE's [VALLEY FRUIT's] business and/or financial relationship and/or interactions with Global Horizons Inc., and/or employees and/or agents of Global Horizons, Inc. including but not limited to all contracts, agreements, letters, memoranda, email, and/or communications pertaining to the services, employee control and/or supervision, hours worked, invoices, and billing, communications regarding any applications for Labor Certifications for H2-A workers, marketing materials GREEN ACRE [VALLEY FRUIT] obtained pertaining to Global Horizons, Inc., and DOCUMENTS GREEN ACRE [VALLEY FRUIT] obtained pertaining to any workers provided to GREEN ACRE [VALLEY FRUIT] by Global Horizons, Inc. | DENIED AS MOOT<br><br>The Grower Defendants' disclosure of all written communications between the Grower Defendants and Global pertaining to the activities of 2004 and 2005 is sufficient.<br><br>The additionally requested information is not likely to lead to the discovery of admissible information and will be unduly burdensome. |
| RFP No. 6 (Documents of Communication Between Global and Defendants) | IDENTIFY and produce any and all DOCUMENTS reflecting any COMMUNICATIONS between GREEN ACRES'/VALLEY FRUIT's employees and/or agents, including but not limited to Jim S. Morford, Gary Morford, Kevin Boyle, Mike Van Pelt, and Gerardo Valladares [John Martin Verbrugge, Peter Verbrugge, Scott Jacky, Stan Beuchler, Dirk Dunn, and Stanley Buechler], and Global Horizons, Inc.'s employees and/or agents, including but not limited to Mordechai Orian, from January 1, 2003 to the present. | DENIED AS MOOT<br><br>The Grower Defendants' disclosure of all written communications between the Grower Defendants and Global pertaining to the activities of 2004 and 2005 is sufficient.<br><br>The additionally requested information |

**ORDER** - 7

| | | |
|---|---|---|
| | | is not likely to lead to the discovery of admissible information and will be unduly burdensome. |
| RFP No. 7 (Docs. Of Defendants' Managers/Supervisors) | IDENTIFY and produce all DOCUMENTS that IDENTIFY GREEN ACRE'S/VALLEY FRUIT's management and/or supervisors, including, but not limited to Jim S. Morford, Gary Morford, Kevin Boyle, Mike Van Pelt, and Gerardo Valladares [John Martin Verbrugge, Peter Verbrugge, Scott Jacky, Stan Beuchler, Dirk Dunn, and Stanley Buechler], from January 1, 2003 to the present, including but not limited to DOCUMENTS reflecting GREEN ACRE'S [VALLEY FRUIT's] organizational and/or management hierarchy and/or structure, and the complete PERSONNEL FILE of each manager and/or supervisor, including, but not limited to, employment applications, resumes, cover letters, letters of recommendation, references, certificates of achievement, commendations, diplomas, interview notes, performance evaluations, disciplinary warnings and/or written reprimands, payroll data, and/or background checks. | DENIED AS MOOT.<br><br>The Grower Defendants' disclosure of the 2004 and 2005 personnel files (minus wage information) for managers and supervisors is sufficient.<br><br>The additionally requested information is not likely to lead to the discovery of admissible information and will be unduly burdensome. |
| RFP No. 11 (Docs. Of Defendants' Knowledge of H-2A Visas/Labor Cert. Req.) | IDENTIFY and produce all DOCUMENTS that reflect Green Acre's [Valley Fruit's] knowledge of the requirements of H2-A visas and/or Labor Certification, including but not limited to any trainings and/or educational materials on the duties to comply with the H-2A requirements, from January 1, 2003 to the present. | DENIED<br><br>As set forth above, the Grower Defendants are only liable for their discriminatory conduct, or a joint employer's discriminatory conduct as to matters within the Grower Defendants' control and about which they knew and failed to take corrective measures within their control.<br><br>The documents sought by this RFP are not matters within the Grower Defendants' control per the Farm |

**ORDER** – 8

| | | | |
|---|---|---|---|
| | | | Labor Contractor H-2A Agreements. |
| RFP No. 12 (Docs. Of Communication Between Defendant & Gov. Agencies re: H-2A Visas/Labor Cert.) | IDENTIFY and produce all DOCUMENTS pertaining to any and all COMMUNICATIONS between GREEN ACRE [VALLEY FRUIT], the U.S. Department of Labor, and/or any state and/or local agencies that pertain to any H-2A visa(s) and/or Labor Certifications from January 1, 2003 to the present, including but not limited to all COMMUNICATIONS between and amongst GREEN ACRE [VALLEY FRUIT] and the U.S. Department of Labor and/or any other federal, state and/or local agencies regarding the H-2A workers, the working, and/or living conditions at GREEN ACRE's farm. | DENIED<br><br>As set forth above, the Grower Defendants are only liable for their discriminatory conduct, or a joint employer's discriminatory conduct as to matters within the Grower Defendants' control and about which they knew and failed to take corrective measures within their control.<br><br>The documents sought by this RFP are not matters within the Grower Defendants' control per the Farm Labor Contractor H-2A Agreements. |
| RFP No. 13 (Docs. Of Defendants' Recruitment Efforts to Obtain H-2A workers) | IDENTIFY and produce all DOCUMENTS pertaining to any and all recruitment efforts, including, but not limited to recruitment efforts made to obtain H2-A workers through Labor Certifications and/or local workers for open positions for work offered at, for, or through GREEN ACRE [VALLEY FRUIT] from January 1, 2003 through the present. | DENIED<br><br>As set forth above, the Grower Defendants are only liable for their discriminatory conduct, or a joint employer's discriminatory conduct as to matters within the Grower Defendants' control and about which they knew and failed to take corrective measures within their control.<br><br>The documents sought by this RFP are not matters within the Grower Defendants' control per the Farm Labor Contractor H-2A Agreements. |
| RFP No. 16 (Defendants' Financial Documents) | IDENTIFY and produce all DOCUMENTS that reflect, describe or relate to GREEN ACRE's [VALLEY FRUIT's] financial condition from 2003 | DENIED AS MOOT IN PART and GRANTED IN PART |

| | | through the present including, but not limited to, financial statements, annual reports, balance sheets, asset and liability statements, profit and loss statements, loan documents, leases, property titles, property tax statements, cancelled checks reflecting payment of property taxes and/or lease payments, and/or tax returns. | The Grower Defendants' financial disclosures as to 2003 through 2005 are sufficient for their past financial condition.<br><br>Within two months of trial, the Grower Defendants are to provide similar financial documentation for the most recently completed fiscal year. |
|---|---|---|---|
| RFP No. 18 (Docs. Of Defendants' Quarterly Wages/ Witholding Reports) | | IDENTIFY and produce all filings regarding quarterly wages and withholdings reports that GREEN ACRE [VALLEY FRUIT] filed with the any state agency including but not limited to the Internal Revenue Service from January 1, 2003 [to December 31, 2006]. | DENIED<br><br>Based on defense counsel's representation, the Claimants were not included in the Grower Defendants' quarterly wages or withholding reports. Therefore, requiring the Grower Defendants to produce this information is not likely to lead to the discovery of admissible information and will be unduly prejudicial.<br><br>The EEOC is free to seek these documents from the State of Washington, and to submit a Request for Admission to the Grower Defendants as to their number of employees during 2004 and 2005. |
| RFP No. 19 (Docs. Of Defendants' Trainings) | | IDENTIFY and produce all DOCUMENTS reflecting trainings provided by or provided on behalf of GREEN ACRE [VALLEY FRUIT] to its employees, H-2A workers, and/or independent contractors working at, for, or through GREEN ACRE [VALLEY FRUIT] regarding compliance with Title VII | DENIED AS MOOT IN PART AND GRANTED IN PART<br><br>No later than **January 27, 2014**, the Grower Defendants are to supplement their |

**ORDER** – 10

| | | |
|---|---|---|
| | of the Civil Rights Act of 1964, as amended. | 2004-05 training-document disclosure with training documents for their employees on the subject of harassment, discrimination, and/or retaliation in 2012-13.<br><br>Requiring information for additional years will be unduly burdensome and is not likely to lead to the discovery of admissible information. |
| RFP No. 20 (Docs of Defendants' Policies & Procedures) | IDENTIFY and produce all DOCUMENTS that reflect GREEN ACRE's [VALLEY FRUIT's] policies, procedures, rules, and/or regulations, including, but not limited to GREEN ACRE'S [VALLEY FRUIT's] Employee Handbook, including all versions from January 1, 2003 to the present. | DENIED AS MOOT IN PART AND GRANTED IN PART<br><br>No later than **January 27, 2014**, the Grower Defendants are to supplement their 2004-05 policy-statements disclosure with its 2012-13 policy statements.<br><br>Requiring information for additional years is unduly burdensome and is not likely to lead to the discovery of admissible information. |

**B.   INTERROGATORIES   ("Interrog.")**

| Interrog. No. and Description | Interrog. language | Court Ruling |
|---|---|---|
| Interrog. No. 5 (Efforts to Ensure H-2A Compliance) | Describe with particularity all efforts made by Defendant to ensure Defendant's and/or Global's compliance with H2-A visa requirements at each of Defendant's premises including but not limited to stating Defendant's stated policies, procedure, and practices regarding H2-A visa compliance; describing instances where | DENIED<br><br>As set forth above, the Grower Defendants are only liable for their discriminatory conduct, or a joint employer's discriminatory conduct as to matters |

**ORDER** - 11

| | | | |
|---|---|---|---|
| | | Defendant, Global, and/or other labor contractor at Defendant's premises deviated from Defendant's stated policies, procedures, and practices regarding H2-A visa compliance; and describing all audits Defendant conducted regarding noncompliance with Defendant's stated policies, procedures, and practices regarding H2-A visa compliance during the relevant time period. | within the Grower Defendants' control and about which they knew and failed to take corrective measures within their control. The information sought by this interrogatory does not pertain to a matter within the Grower Defendants' control per the Farm Labor Contractor H-2A Agreements. |
| | Interrog. No. 6 (Describe each Gov. Investig.) | Describe each inspection and/or investigation conducted by a government agency of any of Defendant's premises [pertaining to the Claimants] during the relevant time period. Your description should include the date of the inspection and/or investigation; the government entity conducting the inspection and/or investigation; the property, farm, and/or facility inspected and/or investigated; the purpose of the inspection and/or investigation; and whether any violations were reported by the inspecting and/or investigating agency. | DENIED AS MOOT. The Grower Defendants' disclosures are sufficient. |
| | Interrog. No. 7 (Efforts to Recruit H-2A Workers) | Describe with particularity all of Defendant's efforts to recruit local workers and/or workers from the United States ("U.S. workers") prior to using H2-A workers, including but not limited to a description and/or identification of all efforts to publicize or advertise open positions, the terms and conditions of employment offered, the number of local and/or U.S. applicants who sought positions with Defendant, the identity of the applicants, the reason for rejecting each applicant not hired, persons who participated in the recruitment process, persons who decided to hire and/or reject an applicant, and person who was the ultimate decision-maker regarding the decision to hire or reject an applicant during the | DENIED As set forth above, the Grower Defendants are only liable for their discriminatory conduct, or a joint employer's discriminatory conduct as to matters within the Grower Defendants' control and about which they knew and failed to take corrective measures within their control. The information sought by this interrogatory does not pertain to a |

**ORDER** – 12

| | | | |
|---|---|---|---|
| | | relevant time period. | matter within the Grower Defendants' control per the Farm Labor Contractor H-2A Agreements. |
| | Interrog. No. 8 (Defendants' Procedures Relating to H-2A) | Describe with particularity Defendant's policies, procedures, and practices for receiving, reviewing, and/or verifying any and all documents pertaining to all H2-A worker who worked on Defendant's premises and/or at another premises at Defendant's direction and describing whether or not Defendant's identified policies, procedures, and practices were followed as to each H2-A worker who worked on Defendant's premises and/or at another premises at Defendant's direction during the relevant time period. | DENIED

As set forth above, the Grower Defendants are only liable for their discriminatory conduct, or a joint employer's discriminatory conduct as to matters within the Grower Defendants' control and about which they knew and failed to take corrective measures within their control.

The information sought by this interrogatory does not pertain to a matter within the Grower Defendants' control per the Farm Labor Contractor H-2A Agreements. |
| | Interrog. No. 10 (Calculating Party) | Describe Defendant's understanding of the method of calculating pay for [orchard] workers who performed services [similar to Thai workers] on Defendant's premises during [2004-05], including a description of the relationship between the rate(s) of pay for each worker, any applicable quotas, production, and/or planting requirements, hours worked, deductions (e.g., deductions related to taxes, housing, food, property damages, and/or security deposits), and how the rates of pay, quotas, production and/or planting requirements, hours worked, and deductions related to Defendant's payments to Global for work performed on Defendant's premises. | GRANTED IN PART AND DENIED IN PART

The Grower Defendants must answer this interrogatory (as modified) as to orchard workers who performed work similar to the Claimants on the Grower Defendants' premises during 2004-05. Yet, the scope of the information requested pertaining to the method of calculating pay is much too broad and is unduly burdensome. No later than **January 27, 2014**, the EEOC is to modify this Interrogatory's pay- |

**ORDER** – 13

| | | |
|---|---|---|
| | | calculation language to a more reasonable scope. |
| Interrog. No. 16 (Def. Response to Washington DOL Investig.) | Describe with particularity all efforts made by Defendant to conduct an independent investigation upon learning that the Washington Department of Labor & Industries was investigating alleged wrongdoing affecting or mistreatment of individuals who worked or had worked on Defendant's premises. | DENIED AS MOOT<br><br>The Grower Defendants' supplemented answer is sufficient. |
| Interrog. No. 17 (Def. Response to U.S. Department of Labor Investig.) | Describe with particularity all efforts made by Defendant to conduct an independent investigation upon learning that the U.S. Department of Labor was investigating alleged wrongdoing affecting or mistreatment of individuals who worked or had worked on Defendant's premises. | DENIED AS MOOT<br><br>The Grower Defendants' supplemented answer is sufficient. |
| Interrog. No. 18 (Def. Response to U.S. DOJ/ FBI Investig.) | Describe with particularity all efforts made by Defendant to conduct an independent investigation upon learning that the U.S. Department of Justice and/or the Federal Bureau of Investigation was investigating alleged wrongdoing affecting or mistreatment of individuals who worked or had worked on Defendant's premises. | DENIED.<br><br>Any investigation conducted by the U.S. Department of Justice and/or FBI was done years after the Claimants worked at the Grower Defendants' orchards. |
| Interrog. No. 19 (Def. Provision of Housing; Def. Knowledge of and Response to Housing Problems) | Describe each property that Defendant owned, leased, rented or otherwise controlled that was used by to provide worker housing during the relevant time period. Your description should include all relevant information to assess whether the housing was habitable, safe, and/or compliant with H2-A requirements and/or any other applicable governmental requirements and/or standards, including without limitation, the location and/or address of the property, the square footage of the living quarters, the number of rooms and the use of each (i.e. bedrooms, kitchen, bathrooms, living room, etc.), the number of beds in the property, whether the unit was heated and/or air conditioned, and if so, the heating and/or cooling source (i.e. | DENIED<br><br>As set forth above, the Grower Defendants are only liable for their discriminatory conduct, or a joint employer's discriminatory conduct as to matters within the Grower Defendants' control and about which they knew and failed to take corrective measures within their control.<br><br>The information sought by this interrogatory does not pertain to a matter within the |

**ORDER** – 14

| | | electric, gas, wood stove, etc.), whether there was hot and cold running water in the unit, what utilities were provided and who paid for the utilities at each property, the dates of any disruptions in service for utilities, the reason for each disruption in service of utilities, types of toileting facilities and the number of toileting facilities in the unit, types of bathing facilities and the number of bathing facilities in the unit, persons designated to make and/or authorize repairs to the property, and persons responsible for ensuring control and/or abatement of insects, pests, and/or rodents at the property during the relevant time period. | Grower Defendants' control per the Farm Labor Contractor H-2A Agreements. |
|---|---|---|---|
| | Interrog. No. 20 (Def. Knowledge of and Response to Housing Problems) | For each property used to provide worker housing, where Defendant learned of and/or received actual and/or constructive notice that the worker housing was not clean, not suitable for human habitation, and/or not compliant with H2-A and/or any other governmental requirements and/or standards, describe all efforts Defendant took to correct and/or improve the conditions of the housing to ensure compliance with H2-A and/or all other applicable governmental requirements. | DENIED

As set forth above, the Grower Defendants are only liable for their discriminatory conduct, or a joint employer's discriminatory conduct as to matters within the Grower Defendants' control and about which they knew and failed to take corrective measures within their control.

The information sought by this interrogatory does not pertain to a matter within the Grower Defendants' control per the Farm Labor Contractor H-2A Agreements. |

///

//

/

**ORDER** – 15

In summary, **IT IS HEREBY ORDERED:**

1. The EEOC's Motion to Compel Defendant Green Acre to Respond to EEOC's First Requests for Production of Documents and Interrogatories, **ECF No. 442**, is **DENIED IN PART** (RFP Nos. 11, 12, 13, & 18; Interrog. Nos. 5, 7, 8, 18, 19, & 20), **DENIED AS MOOT IN PART** (RFP Nos. 1, 2, 4, 6, & 7; Interrog. Nos. 6, 16, & 17), **GRANTED IN PART AND DENIED IN PART** (Interrog. No. 10), **and GRANTED IN PART AND DENIED AS MOOT IN PART** (RFP Nos. 16, 19, & 20).

2. The EEOC's Motion to Compel Defendant Valley Fruit to Respond to EEOC's First Requests for Production of Documents and Interrogatories, **ECF No. 443,** is **DENIED IN PART** (RFP Nos. 11, 12, 13, & 18; Interrog. Nos. 5, 7, 8, 18, 19, & 20), **DENIED AS MOOT IN PART** (RFP Nos. 1, 2, 4, 6, & 7; Interrog. Nos. 6, 16, & 17), **GRANTED IN PART AND DENIED IN PART** (Interrog. No. 10), **and GRANTED IN PART AND DENIED AS MOOT IN PART** (RFP Nos. 16, 19, & 20).

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to counsel.

**DATED** this 15th day of January 2014.

s/Edward F. Shea
EDWARD F. SHEA
Senior United States District Judge

Q:\EFS\Civil\2011\3045.dec.2013.eeoc.disc.lc1.docx

**ORDER** – 16