```
BRENDAN V. MONAHAN (WSBA #22315)
BETH GOLUB JOFFE (WSBA #42782)
SEAN A. RUSSEL (WSBA #34915)
JUSTO G. GONZALEZ (WSBA #39127)
OLIVIA E. GONZALEZ (WSBA #41582)
STOKES LAWRENCE
VELIKANJE MOORE & SHORE
120 N. Naches Avenue
Yakima, Washington 98901-2757
(509) 853-3000
```

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>GLOBAL HORIZONS, INC., D/B/A GLOBAL HORIZONS MANPOWER, INC.; GREEN ACRE FARMS, INC.; VALLEY FRUIT ORCHARDS, LLC; AND DOES 1-10 INCLUSIVE,<br><br>Defendants. | Case No.:  CV-11-3045-EFS<br><br>GROWER DEFENDANTS' JOINT MOTION FOR ATTORNEY'S FEES AS PREVAILING PARTIES UNDER TITLE VII<br><br>Hearing: July 25, 2014<br>Time:  6:30 p.m.<br>Without Oral Argument |

Defendants Green Acre Farms, Inc. and Valley Fruit Orchards, LLC (collectively "Grower Defendants") hereby submit this motion requesting an order from this Court declaring that they are "prevailing parties" under Title VII and thus entitled to their costs, including attorney fees, associated with this litigation.

GROWER DEFENDANTS' JOINT MOTION FOR
ATTORNEY'S FEES AS PREVAILING PARTIES UNDER
TITLE VII - 1
46806-007 \ 772461.DOCX

**STOKES LAWRENCE**
**VELIKANJE MOORE & SHORE**
120 N. Naches Avenue
Yakima, Washington  98901-2757
(509) 853-3000

## I. INTRODUCTION

The EEOC serves an important purpose and operates within specifically delineated powers. That purpose was not served and the limits of those powers were not honored in this case. Under the guise of a "Title VII enforcement action," the EEOC embarked on a highly publicized crusade to prosecute purported instances of "human trafficking," when neither human trafficking violations nor authority to prosecute such offenses was present in this case. Beth Joffe's Declaration ("Joffe Dec."), Ex. A. More importantly, however, the EEOC avidly and knowingly pursued Title VII claims that lacked factual and legal foundation.

The EEOC set the tone and made its goals clear by opening the conversation in September 2010 by presenting Grower Defendants with a stupefying settlement demand of $30 million. ECF 414-4. When Grower Defendants refused to meet the EEOC's demand, what followed was a meritless lawsuit, freighted with the EEOC's obstreperous discovery tactics and oppressive litigation maneuvers that spanned three states.[1] ECF 317 at *5-6. Moreover, in the face of a mounting lack of evidentiary support for its claims, the EEOC quadrupled the number of claimants (approximately 100 to 444), adding hundreds of individuals it identified only through discovery without any investigation whatsoever to determine whether those individuals were actually harmed in any way and, the EEOC promised to continue down this path until the Court set a

---

[1] In addition to the EEOC's attempts to block discovery from the Thai CDC in the Central District of California, the EEOC filed a cause of action and motion to quash discovery against its third-party expert, Florence Burke, in the Southern District of New York. Joffe Dec. ¶3, Ex. C.

GROWER DEFENDANTS' JOINT MOTION FOR
ATTORNEY'S FEES AS PREVAILING PARTIES UNDER
TITLE VII - 2
46806-007 \ 772461.DOCX

**STOKES LAWRENCE**
**VELIKANJE MOORE & SHORE**
120 N. Naches Avenue
Yakima, Washington 98901-2757
(509) 853-3000

1 deadline by which it must stop. ECF 348 at *3:15; ECF 273, 274; 414-9, 422. Indeed Grower Defendants incurred significant costs in securing the dismissal of hundreds of untimely claimants because the EEOC continued to litigate on their behalf, despite contrary legal authority and rulings by this Court establishing that it could not do so. *See* ECF 348.

In evaluating the instant motion, the Court must start from the beginning, the EEOC's investigation. In that investigation, the very claimants in whose names the EEOC filed suit expressly denied any type of discriminatory or retaliatory treatment. Subsequently, the evidence brought to the fore in discovery was no more supportive of the EEOC's claims than facts known to the EEOC before filing suit. Still, the EEOC pressed on. The frivolous nature of the EEOC's claims and its recognition of that fact was apparent at summary judgment when the EEOC prepared and submitted claimant declarations that expressly and materially contradicted the EEOC's own interview notes from pre-suit investigatory interviews with those same individuals.

This lawsuit was baseless from the start, and discovery failed to produce evidentiary support the EEOC's claims. The EEOC's dogged pursuit of untenable claims forced the Grower Defendants to expend significant resources. "The United States and its agencies with superior time, money and manpower should not be able to subject defendants . . . to unnecessary and wasteful depletion of resources in order to pursue an untenable position." *EEOC v. Detroit-Macomb Hosp. Corp.*, 952 F.2d 403, 1992 WL 6099 at *5 (6th Cir 1992). By the standards articulated in *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412 (1978), Grower Defendants are entitled to their costs, including legal fees, as the prevailing parties in this Title VII suit. Through this

GROWER DEFENDANTS' JOINT MOTION FOR
ATTORNEY'S FEES AS PREVAILING PARTIES UNDER
TITLE VII - 3
46806-007 \ 772461.DOCX

**STOKES LAWRENCE**
**VELIKANJE MOORE & SHORE**
120 N. NACHES AVENUE
YAKIMA, WASHINGTON 98901-2757
(509) 853-3000

motion Grower Defendants seek an order declaring such and establishing a briefing schedule for the Court's determination of a reasonable award of costs and fees.

## II. LEGAL ARGUMENT AND ANALYSIS

### A. The *Christiansburg Garment* Standard

In light of the Court's May 28, 2014 order granting summary judgment in Grower Defendants' favor on all substantive claims, there can be no good faith dispute that they are the prevailing parties in this Title VII case. *Farrar v. Hobby*, 506 U.S. 103, 111–12, (1992) (a party prevails if a ruling "materially alters the legal relationship between the parties . . . in a way that directly benefits the [opposing party].") The question presented by this motion is whether they are entitled to their costs, including attorney's fees, as a result.

A court, in its discretion, may allow the prevailing party to a Title VII case a reasonable attorney's fee as part of the costs, and the EEOC shall be liable for costs the same as a private person. 42 U.S.C. § 2000e–5(k). The Supreme Court explained in *Christiansburg Garment* that a prevailing defendant is eligible to receive such an award only when the court finds that the plaintiff's action was "frivolous, unreasonable, or without foundation." 434 U.S at 421. Under this standard, several courts have held the EEOC liable for fees and costs. *EEOC v. Propak Logistics*, 746 F.3d 145 (4th Cir. 2014); *EEOC v. Peoplemark, Inc.*, 732 F.3d 584 (6th Cir. 2012); *EEOC v. CRST Van Expedited, Inc.* 2013 WL 3984478 (N.D. Iowa Aug. 1, 2013); *EEOC v. Tricore Reference Labs.*, 493 F. App'x 955 (10th Cir. 2012); *EEOC v. Agro Dist., LLC*, 555 F.3d 462 (5th Cir. 2009); *Detroit-Macomb Hosp. Corp.*, 1992 WL 6099. As explained more fully below, this standard has been met in this case.

GROWER DEFENDANTS' JOINT MOTION FOR
ATTORNEY'S FEES AS PREVAILING PARTIES UNDER
TITLE VII - 4
46806-007 \ 772461.DOCX

**STOKES LAWRENCE**
**VELIKANJE MOORE & SHORE**
120 N. NACHES AVENUE
YAKIMA, WASHINGTON 98901-2757
(509) 853-3000

### B. The Results of the EEOC's Investigation Demonstrated a Clear Lack of Foundation for the Allegations and Claims in the Complaint

In its analysis, the Court should start with the evidence adduced during the EEOC's administrative investigation. During that investigation, named claimants Marut Kongpia (Valley Fruit) and Laphit Khadthan (Green Acre), whom the EEOC designated from among all the charging parties as the named representatives of the class,[2] expressly disavowed any discriminatory treatment on the basis of race or national origin and denied that the non-Thai or "Mexican" workers were treated more favorably:

*Kongpia*: "I do not know of anyone who was treated poorly by Global Horizons or the farm because of their religion, race or because they were Thai." and "There were non-Thai workers while working at the farm, appeared to be Mexicans. . . . They performed the same work as the Thai workers."  Joffe Dec. Ex. F, EEOC 4658.

*Khadthan*: "How was Thai/non-Thai work different?  We did the same work."; "Did you ever complain you were being treated badly?  No I don't think we were treated badly." and "Did you ever complain you were being treated differently than non-Thais?  No, I don't know how they were being treated." Joffe Dec. Ex. Q, EEOC 2081, 2085.

Of course, Kongpia and Khadthan were not the only claimants to deny discriminatory treatment in the EEOC's investigation. *E.g., Supap Promson*: "No one from the farm ever treated me poorly or paid me less than other workers because of my race, religion or because I was Thai."; "We did the same duties as the Mexicans."; *Priawan Thongbai*: "No one at Global or the farms ever said anything derogatory about my national origin. No one treated me poorly" and "there were Mexican workers there and we all did the same job." Joffe Dec. Ex. J  EEOC 2314-15 and Ex. P EEOC 2206.

---

[2] *See* ECF 1 at *1:23-28; 141 ¶ ¶ 1, 26-28.

GROWER DEFENDANTS' JOINT MOTION FOR
ATTORNEY'S FEES AS PREVAILING PARTIES UNDER
TITLE VII - 5
46806-007 \ 772461.DOCX

*See also* ECF 413-413-4.[3]

A second recurring theme in the EEOC's story was the alleged *regularity* of "threats" by Global, about which the EEOC claimed Growers must have known. *E.g.*, ECF 1 at *5:21-22, *6:11 and 26; 141 ¶¶ 79, 83; ECF 483 *passim*. However, Kongpia and Khadthan **denied they were ever threatened** as the EEOC alleged: *Kongpia*: "I was never threatened by Global Horizons or the farm.". Joffe Dec. Ex. F, EEOC 4658 ; *Khadthan*: "No I was not threatened with deportation or physically threatened." *Id*. Ex. Q, EEOC 2082. *See also, e.g.,* Joffe Dec. Ex. O, EEOC 6603.

Despite clear countervailing evidence from its own investigation, the EEOC demanded a daunting $30 million as well as significant non-monetary relief from the Grower Defendants to settle the dispute. ECF 414-4. When Growers refused to engage over such an overwhelming demand they could never pay, the EEOC filed suit.

### C. The Evidence Revealed in Discovery Confirmed the What the EEOC Knew Before Filing Suit — Its Claims Lacked Merit

At their depositions, both Kongpia and Khadthan disavowed any discriminatory conduct, much less mistreatment of any sort, by Grower Defendants. ECF 411, Ex. P at 43:23-25, 71:20-25, & 72:1-1; ECF 411, Ex. O at 38:13-23, 39:1-18, 40:18-22 & 52:14-25. The same is true for the other claimants deposed in this case. ECF 412, Ex. Q at 54:2-5, Ex. S at 64:11-25. The claimant testimony was, of course, consistent with their prior statements to the EEOC during its investigation. Based on the evidence adduced during the litigation, the Court determined that the EEOC "fail[ed] to establish

---

[3] Notably, the EEOC never identified either Kongpia or Kadthan as having been a victim of retaliation.

GROWER DEFENDANTS' JOINT MOTION FOR
ATTORNEY'S FEES AS PREVAILING PARTIES UNDER
TITLE VII - 6
46806-007 \ 772461.DOCX

**STOKES LAWRENCE
VELIKANJE MOORE & SHORE**
120 N. NACHES AVENUE
YAKIMA, WASHINGTON 98901-2757
(509) 853-3000

a genuine dispute of material fact as to any of the asserted Title VII claims [.]" ECF 582 at *13:10-12.

The EEOC's intractable pursuit of retaliation claims against Green Acre is perhaps the most emblematic of its misguided zeal.  The EEOC alleged both individual and *pattern and practice* retaliation claims, yet after 5 years of investigation and 2.5 years of litigation, the EEOC identified **only one alleged retaliation victim** out of the hundreds of claimants it identified in this litigation, Supap Promson. *Id.* at *25.  This fact alone should have compelled the EEOC to abandon its pattern and practice claim; it did not.  Furthermore, the EEOC provided work dates for Promson at Green Acre in 2004 only, which made clear that any individual claim on his behalf was time-barred. *Id*. at *25-27.  Despite the legal bar to any claim on Promson's behalf, the EEOC persisted when it clearly ought not have.  *See Peoplemark*, 732 F.3d at 591-92 ("finding the case was not groundless when filed (unlike here) but determining that when discovery indicated the claim was groundless "the Commission should have reassessed its claim [and f]rom that point forward, it was unreasonable to continue to litigate[.]"). It eventually became clear to the Court that there was no evidence that Promson either engaged in protected activity or that Green Acre took any adverse action toward him in response, even if the claim was not time-barred. ECF 582. at *25-27.  This clarity came only at a great cost to Grower Defendants.

### D.   The EEOC Acted in Bad Faith

Evidence of subjective bad faith is not a prerequisite to a fee award. *Christiansburg*, 434 U.S. at 421.  If, however, the EEOC "is found to have brought or continued [ ] a claim in *bad faith*, there will be an even stronger basis for charging [it]

GROWER DEFENDANTS' JOINT MOTION FOR
ATTORNEY'S FEES AS PREVAILING PARTIES UNDER
TITLE VII - 7
46806-007 \ 772461.DOCX

**STOKES LAWRENCE**
**VELIKANJE MOORE & SHORE**
120 N. NACHES AVENUE
YAKIMA, WASHINGTON 98901-2757
(509) 853-3000

with the attorney's fees incurred by the defense." *Id.* at 422 (emphasis in original). Here, the record shows the EEOC acted in bad faith.

It is significant that the EEOC pursued claims in the name of individuals who specifically disavowed in their pre-suit interviews the very behaviors alleged in the complaint. Worse, however, are the EEOC's submissions to this Court in the hopes of avoiding summary judgment. Grower Defendants addressed at oral argument in support of their motion for summary judgment the abundance of evidentiary misrepresentations in the EEOC's purported statements of fact. In addition, the Court should consider the myriad declarations the EEOC prepared and submitted, as officers of the Court and representatives of the United States Government. These claimant declarations contradict the EEOC's own interview notes in material and fundamental respects. All of the contradictions are outlined in the Joffe Declaration (filed herewith), but some examples follow:

| Claimant | Investigation Interview Statement | Summary Judgment Declaration Statement |
|---|---|---|
| Cheotchai Chumpang | "groups sep [sic] by Thais or Mexi. [sic] Did the same work." EEOC 1979 | "**Mexican workers were assigned the fruit trees with more fruit that were easier to pick**" ECF 485-6 ¶ 24 |
| Marut Kongpia | "**I was never threatened** by Global Horizons or the farm." EEOC 4658 | "**Global supervisors** Pranee and Chaiyot **routinely threatened me.**" ECF 498-9 ¶ 22 |
|  | "**I complained** to Charlie and called Pranee [**about not getting paid**.] . . . **Global never told me why I was not getting paid**." EEOC 4657 | "**When I** and the other Thai workers **confronted Charlie about not getting paid, he blamed in on Valley Fruit for not paying Global.**" ECF 485-9 ¶ 27 |

GROWER DEFENDANTS' JOINT MOTION FOR
ATTORNEY'S FEES AS PREVAILING PARTIES UNDER
TITLE VII - 8
46806-007 \ 772461.DOCX

**STOKES LAWRENCE**
**VELIKANJE MOORE & SHORE**
120 N. NACHES AVENUE
YAKIMA, WASHINGTON 98901-2757
(509) 853-3000

| | | |
|---|---|---|
| Narong Krengchai | At Green Acres, there were some people who .. worked for the farm owner. **They never told us anything about our work.**" EEOC 2112 | "**on practically a daily basis, the farm owner or supervisors** like Jim . . **reprimanded us if we did not perform the work** correctly on the orchards." ECF 485-10 ¶ 26 |
| | "**I never saw** the [farm] owners" EEOC 2113 | "**Green Acre owner Jim was often present** at the orchards to personally oversee our work performance." ECF 485-10 ¶ 27 |
| Saiam Rodphan | "We were **never told that we could not come and go** as we please." EEOC 2230 | "We were o**rdered to never leave the housing and work premises without Global's supervision**" ECF 486-12 ¶11 |
| Praiwan Thongbai | "In Washington . . . [t]he house was clean. . . . The house was good — better than the living conditions at home." EEOC 2205 | "**I [was] assigned to live in various housing conditions that were overcrowded and filthy**." ECF 487-6 ¶ 15 |
| | At Green Acres . . . **nobody from the farm supervised us**." EEOC 2206 | "**The farm owners and supervisors were directly supervising us**." ECF 487-6 ¶ 28 |
| Anan Tawan | "Q: **Did you leave the housing [in WA] when you wanted**? A: ✓ Yes." EEOC 6605 | "the Thai workers and I **were routinely instructed by Global's supervisors to never leave the cramped housing . . . without Global's supervision**" ECF 487-4 ¶ 12 |

*See* Joffe Dec. ¶ 4, Exs. D - P (emphasis added). These contradictions are so obvious and so material that the EEOC must have realized it was offering sham affidavits in the hopes of perpetuating what it knew to be frivolous litigation.

GROWER DEFENDANTS' JOINT MOTION FOR
ATTORNEY'S FEES AS PREVAILING PARTIES UNDER
TITLE VII - 9
46806-007 \ 772461.DOCX

### E. The EEOC Failed to Engage in Reasonable Conciliatory Efforts Both Before and After Litigation

The Court's summary judgment decision expressly left unanswered the question of whether it may consider the EEOC's conciliation efforts in the context of 42 U.S.C. § 2000e-5(k). ECF 582 at *32. The parties have already litigated and put before the Court all the facts concerning the EEOC's failure to conciliate before the lawsuit was filed, particularly with regard to those claimants whom it discovered only after. ECF 256, 265, 272-274, 333. As such, Grower Defendants will not restate those facts or the legal authorities upon which they relied. They request instead that the Court revisit those submissions at this time in connection with the instant motion.

Grower Defendants ask that the Court also consider the EEOC's failure to engage in good faith efforts to resolve or conciliate during the course of the litigation, even after discovery showed that there simply was no evidence to support the EEOC's claims.

On March 13, 2013, after the Court had imposed its second discovery sanction against the EEOC, Regional Director Anna Park and Senior Trial Attorney Sue Noh traveled to Yakima to meet with Grower Defendants about the possibility of settlement. Joffe Dec. ¶ 6. In that discussion, Ms. Park proposed a possible settlement demand of approximately $25,000 per claimant, which at that time included 444 individuals, many of whom worked on Grower Defendants' orchards only in 2004 (for a total of $11,100,000). *Id.* ¶¶ 2,6. On March 20, 2013, the EEOC sent a proposed consent decree which, in addition to the typical terms such as Title VII training and reporting to the EEOC, included a provision requiring that Grower Defendants each retain a "third-party outside monitor" to monitor their H-2A programs, their compliance with the H-2A laws, their dealings with any H-2A workers, their dealings with any farm labor

GROWER DEFENDANTS' JOINT MOTION FOR
ATTORNEY'S FEES AS PREVAILING PARTIES UNDER
TITLE VII - 10
46806-007 \ 772461.DOCX

**STOKES LAWRENCE**
**VELIKANJE MOORE & SHORE**
120 N. NACHES AVENUE
YAKIMA, WASHINGTON 98901-2757
(509) 853-3000

contractors and their compliance with the consent decree for a period of 5 years — in other words, many things over which the EEOC has absolutely no authority. *Id.* ¶ 7. On April 11, 2013, Grower Defendants sent a counter-proposal to the EEOC's consent decree. *Id.* ¶ 8. Ms. Park acknowledged receipt of that proposal the same day, promising to respond. *Id.* But, the EEOC never did respond and nary a word was ever heard from the EEOC about resolving this dispute until Ms. Noh stated at oral argument on Grower Defendants' motion for summary judgment *over a year later* that the "EEOC has reached out to defendants to deal with [conciliation] separately, but is more than willing to do that again." Joffe Dec. Ex. T.

The point here is simple — no matter how unfavorable the evidence and in repeated disregard of the Court's substantive rulings, the EEOC fervently, oppressively and unreasonably pursued unfounded litigation at significant cost to Grower Defendants and the taxpayers. "The United States . . . has an obligation to its citizens not to subject them to unnecessary litigation." *Detroit-Macomb Hosp. Corp,* 1992 WL at *5. The EEOC failed at every turn to conciliate in good faith or to reach a settlement in this case that would end this frivolous litigation matter.

### III. CONCLUSION

The EEOC's actions fall squarely in line with the Supreme Court's admonitions in *Christiansburg Garment* and those decisions that have followed. Grower Defendants thus ask that the Court issue an order declaring that they prevailing parties who are entitled to their costs, including fees, and that the Court set a briefing schedule for its determination of a reasonable award.

GROWER DEFENDANTS' JOINT MOTION FOR
ATTORNEY'S FEES AS PREVAILING PARTIES UNDER
TITLE VII - 11
46806-007 \ 772461.DOCX

**STOKES LAWRENCE**
**VELIKANJE MOORE & SHORE**
120 N. NACHES AVENUE
YAKIMA, WASHINGTON 98901-2757
(509) 853-3000

DATED this 25th day of June, 2014.

          STOKES LAWRENCE
          VELIKANJE MOORE & SHORE

By:    /s/Beth G. Joffe
      Brendan V. Monahan (WSBA #22315)
      Beth Golub Joffe (WSBA #42782)
      Sean A. Russel (WSBA #34915)
      Justo G. Gonzalez (WSBA #39127)
      Olivia E. Gonzalez (WSBA #41582)
      Attorney for Defendants
      Stokes Lawrence Velikanje
      Moore & Shore
      120 N. Naches Avenue
      Yakima, WA 98901-2757
      Telephone: (509) 853-3000
      Fax: (509) 895-0060
      Email: bvm@stokeslaw.com
      bgj@stokeslaw.com
      sar@stokeslaw.com
      justo.gonzalez@stokeslaw.com
      olivia.gonzalez@stokeslaw.com

GROWER DEFENDANTS' JOINT MOTION FOR ATTORNEY'S FEES AS PREVAILING PARTIES UNDER TITLE VII - 12
46806-007 \ 772461.DOCX

**STOKES LAWRENCE**
**VELIKANJE MOORE & SHORE**
120 N. NACHES AVENUE
YAKIMA, WASHINGTON 98901-2757
(509) 853-3000

# CERTIFICATE OF SERVICE

I hereby certify that on June 25, 2014, I caused the foregoing Grower Defendants' Joint Motion For Attorney's Fees as Prevailing Parties Under Title VII to be:

☒ electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**Anna Y Park -** anna.park@eeoc.gov
**Connie Liem -** connie.liem@eeoc.gov
**Sue Noh -** sue.noh@eeoc.gov
**Derek W Li -** derek.li@eeoc.gov
**Lorena Garcia-Bautista -** lorena.garcia@eeoc.gov
**Javier Lopez-Perez -** lopezperezlaw@gmail.com
**Joshua David Dabling -** josh@dablinglaw.com

/s/Beth G. Joffe
Beth Golub Joffe (WSBA #42782)
Attorney for Defendants
Stokes Lawrence Velikanje Moore & Shore
120 N. Naches Avenue
Yakima, WA 98901-2757
Telephone: (509) 853-3000
Fax: (509) 895-0060
bgj@stokeslaw.com

GROWER DEFENDANTS' JOINT MOTION FOR ATTORNEY'S FEES AS PREVAILING PARTIES UNDER TITLE VII - 13
46806-007 \ 772461.DOCX

**STOKES LAWRENCE**
**VELIKANJE MOORE & SHORE**
120 N. Naches Avenue
Yakima, Washington 98901-2757
(509) 853-3000