UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>                Plaintiff,<br><br>     v.<br><br>GLOBAL HORIZONS, INC., d/b/a Global Horizons Manpower, Inc.; GREEN ACRE FARMS, INC.; VALLEY FRUIT ORCHARDS, LLC; and DOES 1-10 inclusive,<br><br>                Defendants. | No.: CV-11-3045-EFS<br><br>**ORDER ADDRESSING THE SEYFARTH SHAW FEES** |

On September 25, 2015, the Court ruled on the majority of the issues raised in the Grower Defendants' Joint Motion for Award of Attorney's Fees and Costs, ECF No. 626, in which the Grower Defendants requested an award of the following attorney fees pursuant to 42 U.S.C. § 2000e-5(k): 1) Stokes Lawrence Velikanje Moore & Shore ("Stokes Lawrence"), ECF No. 629, Ex. A, totaling $915,734.07; 2) Seyfarth Shaw LLP, ECF No. 630, totaling $124,859; and 3) Freeman Freeman & Smiley, ECF No. 631, totaling $595.00. ECF No. 666. The Court permitted the Grower Defendants' counsel to supplement the record in regard to the attorney's fees sought for Seyfarth Shaw so the Court could ascertain whether the requested hourly rates were reasonable, and to submit a

**ORDER** - 1

revised time chart for Stokes Lawrence utilizing the awarded hourly rates and adjusting for the unawarded hours. *Id.* The Grower Defendants submitted the revised time chart, reflecting $886.881.82 in attorney fees for Stokes Lawrence, and a declaration from Douglas Darch to support the claimed hourly rates for Seyfarth Shaw. ECF No. 668. The EEOC filed a response, objecting to the award of attorney's fees for work performed by Seyfarth Shaw at the out-of-district rate. ECF No. 671.

First, addressing the Seyfarth Shaw fees, as indicated in the Court's initial Order regarding the fee request, the Court finds it reasonable for the Grower Defendants to have retained Seyfarth Shaw to associate with Stokes Lawrence in this challenging and complicated case. ECF No. 666 at 9 & 10. There is no attorney in private practice in the Eastern District of Washington known to this Court who could provide the same level of expertise and familiarity with litigating with the EEOC as did Mr. DeGroff. ECF No. 630. Accordingly, the Court finds the Grower Defendants prudently chose Seyfarth Shaw, and Mr. DeGroff in particular, to associate on this case.

As to the claimed Seyfarth Shaw hourly rates, which are higher than rates charged in the Eastern District of Washington for attorneys of similar skill, the Court agrees, in part with the EEOC position, that Mr. Darch's Declaration, ECF No. 668-2, fails to provide a basis for an award of claimed fees at the rate charged in Chicago for the attorneys other than Mr. DeGroff. A comparison of the information in Mr. DeGroff's declaration to Mr. Darch's declaration demonstrates the validity of the objections of the EEOC to an award of Chicago hourly

**ORDER** - 2

rates for the other Seyfarth Shaw attorneys. However, a combination of the information in those same two declarations supports an award of Mr. DeGroff's Chicago hourly rate. Therefore, for the Seyfarth Shaw attorneys other than Mr. DeGroff, the Court awards the hourly rate as set forth in the Court's prior order as these rates are consistent with the hourly rates charged in the Eastern District of Washington for attorneys of comparable skill. As to the paralegal fees, Mr. Darch's declaration together with Mr. DeGroff's declaration establishes a sufficient basis for awarding paralegal fees as claimed at the Chicago rate. Accordingly, the Court awards the following hourly rates for Seyfarth Shaw:

- Courtney Bohl (associate): 2012, $190;
- Kimberly Brenner (associate): 2012, $200;
- Nicholas Clements (associate): 2012, $190;
- Chris DeGroff (partner): 2011-13, $500;
- Brian Heffern (paralegal): 2012, $110;
- Gerald Maatman (partner): 2012, $325;
- Laura Maechtlen (partner): 2012, $300;
- Robb McFadden (associate): 2011-12, $200;
- Niousha Rahbar (paralegal): 2012, $70; and
- Robert Wong (associate): 2012, $200.

No later than October 27, 2015, the Grower Defendants are to submit a revised Seyfarth Shaw time chart, *see* ECF No. 630, Ex. A, to reflect these awarded hourly rates. Following submission of the revised Seyfarth Shaw time chart, the Court will complete its lodestar

**ORDER** - 3

calculation and determine whether the lodestar results in a reasonable fee. *See Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 552 (2010); *A.D. v. Cal. Hwy. Patrol*, 712 F.3d 446, 460 (9th Cir. 2013). Accordingly, the Grower Defendants' attorney-fees motion is held in abeyance.

As to the requested costs, the Court permitted the Grower Defendants to file an objection to the Clerk of Court's Taxation of § 1920 costs, ECF No. 665. ECF No. 666 at 21. The Grower Defendants did not file an objection. Accordingly, the costs to be awarded to the Grower Defendants are as set forth by the Clerk of Court: $13,399.98.

For the above-given reasons**, IT IS HEREBY ORDERED**: No later than **October 27, 2015**, the Grower Defendants shall file a revised time chart for the Seyfarth Shaw law firm, utilizing the awarded hourly rates.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to counsel.

**DATED** this 21st day of October 2015.

                              s/Edward F. Shea
                              EDWARD F. SHEA
                    Senior United States District Judge

Q:\EFS\Civil\2011\3045.seyfarthshaw.lc1.docx

**ORDER** - 4