UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>           Plaintiff,<br>    v.<br><br>GLOBAL HORIZONS, INC., d/b/a Global Horizons Manpower, Inc.; GREEN ACRE FARMS, INC.; VALLEY FRUIT ORCHARDS, LLC; and DOES 1-10 inclusive,<br><br>           Defendants. | No.: CV-11-3045-EFS<br><br>**ORDER GRANTING THE REMAINDER OF THE GROWER DEFENDANTS' JOINT MOTION FOR AWARD OF ATTORNEY'S FEES AND COSTS** |

The Court addresses herein the third of three Orders dealing with the Growers' Petition for Fee Award. ECF No. 626. In its initial Order, ECF No. 666, the Court analyzed the fee request of the attorneys for the Grower Defendants and the objections of the EEOC thereto. As carefully analyzed using the lodestar formula, the Court found that it was reasonable and necessary for the Grower Defendants to retain counsel outside of the Eastern District of Washington given the nature of the case, the motions in the Central District of California and, particularly Seyfarth Shaw, because of its familiarity with both EEOC litigation and the related EEOC litigation

**ORDER** - 1

in Hawaii against Global Horizons. *Id.* at 9, 10. Additionally, the Court also found the hours claimed by the attorneys at Stokes Lawrence, Seyfarth Shaw, and Freeman, Freeman & Smiley were on the whole quite reasonable given the complexity of the case and the intensity of the litigation as more fully explained therein. *Id.* at 12, 13. The Court reduced only the Stokes Lawrence fee request of $915,734.07 by $9,189.50 for the reasons stated. *Id* at 14, 15. On the issue of hourly rates, the Court noted that the EEOC had not opposed the hourly rates claimed by Stokes Lawrence and found the hourly rates claimed by the attorneys and paralegals at Stokes Lawrence reasonable but reduced the paralegal hourly rates for work done during certain years. *Id.* at 15, 16.

The EEOC did object to Seyfarth Shaw's request for its hourly rates charged in Chicago, rates higher than the rates commonly charged in the Eastern District of Washington. The Court found that there was insufficient support in the filed declarations for an award of Chicago hourly rates but permitted Seyfarth Shaw to file supplementation within a short period of time. The final lodestar analysis was continued to permit this supplementation.

Stokes Lawrence filed that supplementation showing the reduced total fee award based on the Court's reduction in hours and the finding of no opposition by the EEOC to its hourly rates in the amount of $886,881.82. Included in that supplementation was an additional Declaration by Mr. Douglas Darch, a Chicago attorney familiar with Chicago rates and Seyfarth Shaw. ECF No. 668. The EEOC objected. ECF

**ORDER** - 2

No. 671. The Court found that the pleadings adequately supported an award to Mr. DeGroff of his Chicago hourly rate but did not support an award of Chicago hourly rates to the other Seyfarth Shaw attorneys or paralegals. ECF No. 674. The Court then awarded Seyfarth Shaw fees based on those hourly rate findings: Chicago hourly rates for Mr. DeGroff and Eastern District of Washington rates for the other Seyfarth Shaw attorneys and its paralegals. *Id.* at 3. The Court required the filing of a revised time chart for Seyfarth Shaw consistent with the Court's ruling. *Id* at 3, 4. That revised Seyfarth Shaw time chart was filed on October 27, 2015. ECF No. 675. It properly revised the claimed hourly rates with the claimed hours resulting in a reduced Seyfarth Shaw fee of $85,156.50. *Id.*, Ex. A at 4-21.

The Court now completes it lodestar analysis. Under the lodestar method, a two-step process is used to calculate a reasonable attorney's fee. *Blum v. Stenson*, 465 U.S. 886, 888 (1984). The Court first calculates the lodestar. The lodestar is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rate for such tasks. *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008); *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996). Although there is a "strong presumption" that the lodestar is a reasonable fee, the second step requires the Court to consider whether either an upward or a downward adjustment is appropriate after considering the totality of the circumstances. *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 552 (2010). Ultimately,

a reasonable fee is one "that is sufficient to induce a capable attorney to undertake the representation of" the lawsuit, *Perdue*, 559 U.S. at 552, and which reflects the "level of success achieved by" the prevailing party, *A.D. v. Cal. Hwy. Patrol*, 712 F.3d 446, 460 (9th Cir. 2013).

Because the lodestar is strongly presumed to be a reasonable fee, an enhancement to the lodestar is appropriate only in rare and exceptional circumstances. *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 554 (2010) (recognizing that an enhancement is appropriate if the district court provides sufficient explanation for why the circumstances are rare and extraordinary). In the Ninth Circuit, a district court is to ensure that the lodestar is reasonable by considering the totality of the circumstances, including the factors set forth in *Kerr v. Screen Actors Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975) (relying on *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d. 714 (5th Cir. 1974)), so long as the *Kerr* factors have not been subsumed by the court in the lodestar analysis. *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 564 (1986). *See also City of Burlington v. Dague*, 505 U.S. 557, 563 (1992) (ruling that these factors cannot be considered both in terms of rate/fee and the ultimate reasonableness—"double counting" is not permitted).

The *Kerr* factors are 1) the time and labor required, 2) the novelty and difficulty of claims involved, 3) the skill required to properly perform the legal service, 4) whether the attorney was precluded from other employment due to the lawsuit, 5) the time

**ORDER** - 4

limitations imposed by the client or circumstance, 6) the amount involved and results obtained, 7) the undesirability of the case, 8) the nature and length of the professional relationship with the client, 9) awards in similar cases, and 10) amounts discussed in settlement negotiations, and 11) the customary fee. Although *Kerr* listed whether the fee was a contingent-fee or flat-fee as a factor, this factor has been removed from the reasonableness analysis. *City of Burlington v. Dague*, 505 U.S. at 564; *see also Davis v. City & Cnty. of San Francisco*, 976 F.2d 1536 (9th Cir. 1992), *vacated in part on other grounds,* 984 F.2d 345 (9th Cir. 1993) (recognizing that whether the fee was a contingent fee is not a factor in either the initial lodestar calculation or the ultimate reasonableness assessment). In addition, the Ninth Circuit has noted there is some question whether the lawsuit's desirability is relevant to the fee calculation. *See Davis*, 976 F.2d at 1548-49 (citing *Dague*, 505 U.S. at 566-67).

The determination of the attorney's fee award is within district court's sound discretion but the court must explain how it came up with the amount. *Carter v. Caleb Brett LLC*, 757 F.3d 866, 868 (9th Cir. 2014) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)). The court has an independent obligation to ensure that the requested attorney's fees and costs are reasonable. *In re Bluetooth Headset Prods. Liability Litig.*, 654 F.3d 935, 942 (9th Cir. 2011). The court's explanation "need not be elaborate, but it must be comprehensible . . . Where the difference between the lawyer's request

and the court's award is relatively small, a somewhat cursory explanation will suffice. But *where the disparity is larger, a more specific articulation of the court's reasoning is* expected." *Carter v. Caleb Brett LLC*, 757 F.3d 866, 869 (9th Cir. 2014) (quoting *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008) (emphasis added).

The Court has carefully considered both the hourly rates and the number of hours claimed; as analyzed and adjusted in ECF Nos. 666 and 674, the Court finds them reasonable. The Court has also considered the *Kerr* factors, which were not subsumed in the lodestar analysis. Given the complexity of the issues and the intensity of the litigation between the Grower Defendants and the EEOC involving the large amount of damages claimed, and the time and skill required by counsel for the Grower Defendants to properly represent them, the Court finds that the reduced fee award of $886,881.82 to Stokes Lawrence is reasonable and proper.

For the same reasons, the Court also finds a reduced fee award of $85,156.50 to Seyfarth Shaw and an award of $595.00 to Freeman, Freeman & Smiley is also reasonable and proper.

The taxable costs awarded are set forth in ECF No. 674; no objections were filed to that award. Therefore, the awarded taxable cost amount of $13,399.98 will be included in the attorney-fee-and-costs judgment.

//

/

**ORDER** - 6

Accordingly, **IT IS HEREBY ORDERED**:

1. The remainder of the Grower Defendants' Joint Motion for Award of Attorney's Fees and Costs, **ECF No. 626**, is **GRANTED**.

2. The Clerk's Office is to enter judgment against the EEOC in the Grower Defendants' favor in the amount of **$986,033.30**, which is based on the following attorney's fees and costs: $886,881.82, Stokes Lawrence; $85,156.50, Seyfarth Shaw, $595.00, Freeman, Freeman & Smiley; and $13,399.98, taxed costs.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to counsel.

**DATED** this 2nd day of November 2015.

s/Edward F. Shea
EDWARD F. SHEA
Senior United States District Judge

Q:\EFS\Civil\2011\3045.lodestar.lc1.docx

**ORDER** – 7